UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 4:20-cv-00076-RLM-APR ) |
| VINTAGE BRAND, LLC, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND
OR, IN THE ALTERNATIVE, DISMISS COUNTERCLAIM**

Plaintiff, The Trustees of Purdue University ("Purdue") submits its Brief in Support of its Motion to Remand or, in the Alternative, Dismiss Counterclaim pursuant to 28 U.S.C. § 1447(c), Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and N.D. Ind. L.R. 7-1(b)(1).

**Overview**

Purdue commenced this case in Tippecanoe Superior Court on August 28, 2020 by filing a complaint against Vintage Brand, LLC ("Vintage") and Sportswear Inc. for various violations of the Lanham Act and related common law claims.

The Defendants removed Purdue's Complaint from Tippecanoe Superior Court to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 on September 28, 2020 (ECF No. 1). On November 3, 2020, Vintage answered Purdue's state court complaint without asserting a counterclaim (ECF No. 18).

1

Following settlement between Purdue and Defendant Sportswear Inc., on this Court's instruction, Purdue filed its First Amended Complaint to dismiss Sportswear on December 29, 2020 (ECF No. 26).

More than three months after removing the case to this Court, Vintage filed its "Answer and Affirmative Defenses to the First Amended Complaint and Counterclaim for Trademark Cancellation" on January 12, 2021 (ECF No. 27). Through its Counterclaim, Vintage seeks to cancel Purdue's U.S. Federal Trademark Registration No. 2,2023,051, which Vintage alleges to be abandoned (ECF No. 27). The next day, Vintage filed a substantively identical petition before the Trademark Trial and Appeal Board in the United States Patent and Trademark Office, now pending as Cancellation No. 92076202.  *See* Notice of Related Action (ECF No. 29).

The opening paragraph of the Counterclaim alleges: "This Court has subject matter jurisdiction over Vintage Brand's counterclaim because it arises under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because it is so related to Purdue's claims that they form part of the same case or controversy under Article III of the United States Constitution." ECF No. 27 p. 22.

The Eleventh Amendment states, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." Prosecution of the Counterclaim in this Court is barred by the Eleventh Amendment unless Purdue consents to subject-matter jurisdiction for that purpose. Purdue does not consent.[1]

---

[1] The Eleventh Amendment also blocks Vintage's above-referenced TTAB petition. *FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 765–67 (2002); *Bd. of Regents of the Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 465 (7th Cir. 2011).

This Court should remand this case in its entirety to Tippecanoe Superior Court pursuant to 28 U.S.C. § 1447(c).  In the alternative, upon dismissal of the Counterclaim without prejudice Vintage would no longer be prosecuting any claim in this Court, and the Court would be exercising its jurisdiction only over Purdue's prosecution of the suit it commenced in state court.

## Legal Standard

The burden of establishing federal subject-matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).  "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

The remand rule at 28 U.S.C. § 1447(c) states in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  That section's 30-day deadline "does not apply to motions for remand based on subject-matter jurisdiction." *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 U.S. Dist. LEXIS 64070 (N.D. Ill. April 10, 2020) (citing *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625 (7th Cir. 2013) ("Of course, a plaintiff may object to removal based on a jurisdictional defect at any time.")).

## Argument

The Eleventh Amendment applies to the Counterclaim. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd.*, 527 U.S. 666 (1999) (Eleventh

3

Amendment bars trademark action under federal law in federal court); *Chambers v. Puff*, No. 1:19-CV-504-HAB2020, U.S. Dist. LEXIS 160192, *6-7 (N.D. Ind. Sept. 2, 2020). "[The Eleventh Amendment's] jurisdictional bar applies regardless of the nature of the relief sought." *Tyler v. Trs. of Purdue Univ.*, 834 F. Supp. 2d 830, 845 (N.D. Ind. 2011) (internal citations omitted).

When raised, "the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps. v. Quinn*, 680 F.3d 875, 881-82 (7th Cir. 2012) (citing *Ind. Prot. & Advoc. Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010)). "Purdue University is a state entity for Eleventh Amendment purposes." *Tyler*, 834 F. Supp. 2d at 845.

No Eleventh Amendment exceptions apply to the Counterclaim. *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 371 (7th Cir. 2010). Because Vintage selected this forum by removing Purdue's suit to this Court, Purdue is before this Court on an involuntary basis. By choosing to initiate its claims in a state court, Purdue preserved its sovereign immunity. *Bd. of Regents of the Univ. of Wis. Sys.*, 653 F.3d at 465 ("if Wisconsin was concerned about [a] competing . . . trademark and wished to preserve its sovereign immunity, it had the option of filing its own infringement action in Wisconsin state court"). Participation in the federal trademark system does not waive a state's sovereign immunity. *Bd. of Regents of the Univ. of Wis. Sys.*, 653 F.3d at 460.

The Eleventh Amendment therefore applies to the Counterclaim and entitles Purdue to the relief requested in this Motion.

## Conclusion

For these reasons, Purdue respectfully requests that this Court remand this case in its entirety to Tippecanoe Superior Court pursuant to 28 U.S.C. § 1447(c), or in the alternative, dismiss the Counterclaim without prejudice.

Respectfully Submitted,

/s/ William P. Kealey
William P. Kealey (Atty. No. 18973-79)
David M. Stupich (Atty. No. 32166-79)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
Telephone: (765) 423-1561
Facsimile: (765) 742-8175
E-mail: wpk@stuartlaw.com
dms@stuartlaw.com
*Attorneys for Plaintiff*