UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE TRUSTEES OF ) | |
| PURDUE UNIVERSITY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-76 |
| ) | |
| VINTAGE BRAND, LLC and ) | |
| SPORTSWEAR INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Affirmative Defenses [DE 47] filed by the plaintiff, the Trustees of Purdue University, on August 25, 2021, and the Motion to Extend Deadline to Complete Fact Discovery [DE 56] filed by the defendant, Vintage Brand, LLC on September 21, 2021. It is hereby ordered that the Motion to Dismiss Affirmative Defenses be **DENIED**, and the Motion to Extend Deadline to Complete Fact Discovery be **GRANTED.**

*Background*

The plaintiff, the Trustees of Purdue University (Purdue) initiated this lawsuit in state court on August 28, 2020 against the defendants, Vintage Brand, LLC (Vintage Brand) and Sportswear Inc., alleging various violations of the Lanham Act and related state law claims. The case was removed to federal court on September 28, 2020.

On December 29, 2020, the plaintiff filed an Amended Complaint [DE 26] against Vintage Brand only, dropping Sportswear Inc. as a party to this lawsuit. On January 12, 2021, Vintage Brand filed its answer and included a counterclaim for Trademark Cancellation [DE 27].

Subsequently, the plaintiff filed a motion to dismiss the counterclaim. On May 25, 2021, the district judge found that the Eleventh Amendment barred Vintage Brand from raising a counterclaim against Purdue and dismissed it.

In the pending Motion to Dismiss the Affirmative defenses, Purdue is requesting that the court strike affirmative defenses four, five, and eight in Vintage Brand's answer:

> 4. Purdue's claims are barred and/or limited where Purdue's and Vintage Brand's use of the claimed marks in association with consumer goods is functional.
>
> 5. Purdue's claims are barred and/or limited because its printing of the claimed marks onto consumer goods is merely ornamental and is not use "as a trademark."
>
> 8. Purdue's claims are barred and/or limited to the extend it relied on federal trademarks and/or registrations that have been abandoned.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 12(f)**, "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. **Heller Fin., Inc. v. Midwhey Powder Co., Inc.**, 883 F.2d 1286, 1294 (7th Cir. 1989); **Doe v. Brimfield Grade School**, 552 F. Supp. 2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. **Talbot v. Robert Matthews Distrib. Co.**, 961 F.2d 654, 665 (7th Cir. 1992).

Purdue's only argument in support of striking affirmative defenses four, five, and eight is that they are barred by the Eleventh Amendment as interpreted and applied in the May 25, 2021 Order [DE 40].

As mentioned above, Vintage Brand included a counterclaim in its answer to Purdue's Amended Complaint. The counterclaim sought to abolish Purdue's rights in the Seal Design by asking the court to cancel Purdue's trademark in the Seal Design pursuant to 15 U.S.C. § 1119. Purdue claims that Vintage Brand is effectively seeking declaratory relief through affirmative defenses four, five, and eight, and therefore the defenses should be barred by the Eleventh Amendment.

The Eleventh Amendment states that "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." **U.S. Const. amend. XI**. "When the action is in essence one for recovery of money from the state, the state is … entitled to invoke its sovereign immunity from suit …" ***Ford Motor Co. v. Dep't of Treasury of State of Indiana***, 323 U.S. 459, 464 (1945) *see also* ***Scheuer v. Rhodes***, 416 U.S. 232, 238 (1974) (noting that "the doctrine of *Ex parte Young* is of no aid to a plaintiff seeking damages from the public treasury …"). However, the Supreme Court has carved out a narrow exception to the Amendment which allows for *prospective injunctive relief* against state officials sued in the official capacity. ***Ex Parte Young***, 209 U.S. 123, 154 (1908); ***Elliot v. Hinds***, 786 F.2d 298, 302 (7th Cir. 1986); ***Kashani v. Purdue University***, 813 F.2d 843, 848 (7th Cir. 1987); ***Parents for Quality Educ. With Integration, Inc. v. Fort Wayne Community Schools Corp.***, 662 F.Supp. 1475, 1481 (N.D. Ind. June 22, 1987) (emphasis added).

The three affirmative defenses at issue are not seeking any type of monetary relief. From an Eleventh Amendment perspective, Vintage Brand is entitled to raise each of the three affirmative defenses. Since Purdue has not raised any other argument as to why the defenses should be stricken, the court does not find it necessary to analyze them any further.

Lastly, Vintage Brand has requested that fact discovery in this case be extended. Vintage Brand represents that Purdue has objected to this extension because the outstanding fact discovery relates to the three affirmative defenses subject to the instant motion. For the reasons discussed above, Purdue's argument against the extension is now moot.

For the foregoing reasons the Motion to Dismiss Affirmative Defenses [DE 47] is **DENIED** and the Motion to Extend Deadline to Complete Fact Discovery [DE 56] is **GRANTED**. The deadline to complete fact discovery is **EXTENDED** to October 28, 2021.

ENTERED this 28th day of September, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge