UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VINTAGE BRAND, LLC )<br>)<br>Defendant. ) | <br><br><br><br><br>Case No. 4:20-cv-76<br> |

**OPINION AND ORDER**

This matter is before the court on the Amended Motion to Compel Plaintiff to Fully Respond to Defendant's Written Discovery Requests and to Provide Deposition Testimony [DE 94] filed by the defendant, Vintage Brand, LLC, on August 31, 2022, and on the Motion for Protective Order [DE 76] filed by the plaintiff, the Trustees of Purdue University, on May 31, 2022. For the reasons set forth below, the Motion to Compel [DE 94] is **GRANTED in part** and **DENIED in part**, and the Motion for Protective Order [DE 76] is **DENIED without prejudice**.

*Background*

The plaintiff, the Trustees of Purdue University (Purdue) initiated this lawsuit in state court on August 28, 2020 against the defendants, Vintage Brand, LLC (Vintage Brand) and Sportswear Inc., alleging various violations of the Lanham Act and related state law claims. The case was removed to federal court on September 28, 2020.

On December 29, 2020, the plaintiff filed an Amended Complaint [DE 26] against Vintage Brand only, dropping Sportswear Inc. as a party to this lawsuit. On January 12, 2021, Vintage Brand filed its answer and included a counterclaim for Trademark Cancellation [DE 27].

Subsequently, the plaintiff filed a motion to dismiss the counterclaim. On May 25, 2021, the district judge found that the Eleventh Amendment barred Vintage Brand from raising a counterclaim against Purdue and dismissed it. Later, this court denied Purdue's Motion to Strike Vintage Brand's Affirmative Defenses based on Eleventh Amendment immunity because the defenses were not seeking any type of monetary relief. Purdue challenged this decision, and upon reconsideration by the district judge, it was affirmed.

On May 31, 2022, Vintage Brand filed a 25-page motion to compel which failed to indicate with any specificity which interrogatories, requests for production, requests for admission, and deposition topics were in dispute. Instead, it attached a 41-page exhibit that consisted of a chart of every single interrogatory, request for production, request for admission, and deposition topic it had served upon Purdue in this case. The court denied the motion without prejudice [DE 92]. Vintage Brand was granted leave to refile the motion with instructions to be more specific and not rely on an exhibit as a continuation of an argument that should have been included in the motion itself.

As a result, Vintage Brand filed the instant motion attempting to provide the court with a more detailed version of the original motion to compel. Again, Vintage Brand has presented general arguments to common objections that Purdue has raised against 8 deposition topics, 14 requests for admission, 1 interrogatory, and 58 request for production. While this is still an overly broad motion to compel, the court recognizes that the parties continue to have the same general discovery disputes. Therefore, the court will address the arguments generally, and then the parties must conduct a **N.D. Ind. L.R. 37-1(a)** conference to resolve any remaining discovery disputes.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 26(b)(1),** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978) (citing ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* **Federal Rule of Civil Procedure 37(a).** The party objecting to the discovery request bears the burden of showing why the request is improper. *See* ***McGrath v. Everest Nat'l Ins. Co.***, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The court has broad discretion when determining matters related to discovery. ***Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.***, 755 F.3d 832, 837 (7th Cir. 2014).

First, Vintage Brand argues that Purdue's objections to discovery based on Eleventh Amendment immunity should be overruled since the court already has found that it does not bar Vintage Brand's affirmative defenses of functionality, ornamentality, and abandonment. In its response [DE 97], Purdue argues that "a few of [Vintage Brand's] affirmative defenses survived a *jurisdictional* challenge." [DE 97 at pg. 3] (emphasis added). Even though the original pleadings raised only jurisdictional issues, those affirmative defenses remain in the case and are a proper subject for discovery. Therefore, any objections based on the Eleventh Amendment are improper.

The courts recognize a distinction between a trademark and a copyright. *See generally* ***Phoenix Entertainment Partners v. Rumsey***, 829 F.3d 817 (7th Cir. 2016). "The design or

packaging of a product may acquire a distinctiveness which serves to identify the product with its manufacturer or source …" *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001). However, "protection may not be claimed for product features that are functional," abandoned, or ornamental[1]. *TrafFix*, 532 U.S. at 29-31.

Under the Lanham Act, the burden is on the party seeking to invalidate the registered mark. *Flexible Steel Lacing Company v. Conveyor Accessories, Inc.*, 955 F.3d 632, 643 (7th Cir. 2020). If that party "can show strong evidence of functionality, however, then, [], the mark holder, carries a heavy burden of showing the feature is not functional … such as showing it was merely ornamental, incidental, or arbitrary aspect of device … " *Flexible Steel*, 955 F.3d at 643, 650.  In order to determine whether a design is functional, courts generally consider the following:

> (1) the existence of a utility patent, expired or unexpired, that involves or describes the functionality of an item's design element; (2) the utilitarian properties of the item's unpatented design elements; (3) advertising of the item that touts the utilitarian advantages of the item's design elements; (4) the dearth of, or difficulty in creating, alternative designs for the item's purpose; (5) the effect of the design feature on an item's quality or cost.

*Flexible Steel*, 955 F.3d at 644.

Additionally, a trademark is considered abandoned "if its use in commerce has been discontinued with no intent to resume use." *Specht v. Google Inc*., 747 F.3d 929, 934.  "Under the Lanham Act, nonuse for 3 consecutive years shall be prima facie evidence of abandonment." *Specht*, 747 F.3d at 934.  This can be rebutted by evidence "excusing the nonuse or demonstrating an intent to resume use … [b]ut the intent to resume use in commerce must be

---

[1] The United States Patent and Trademark Office "will generally refuse [an] application as ornamental if [the] specimen shows that the use of [the] mark is only decorative or ornamental. That is, when use of [the] mark does not clearly identify the source of [the] goods and distinguish them from the goods of others; which is required for proper trademark use." *"Ornamental" Refusal and How to Overcome this Refusal*, UNITED STATES PATENT AND TRADEMARK OFFICE, www.uspto.gov (last visited Oct. 18, 2022).

4

formulated within three years of nonuse." *Specht*, 747 F.3d at 934. "Furthermore, the use must pertain to the sale of goods or provision of services." *Specht*, 747 F.3d at 934.

As it pertains to these three affirmative defenses, the main dispute appears to be the relevant time period for the discovery requests. Purdue claims that Vintage Brand's discovery requests should be limited to the period of 2014 to 2020, citing Vintage Brand's inception date of 2017 and that the case focuses on a three-year span of alleged infringement activity between 2017 and 2020. However, Vintage Brand claims that Purdue initiated this lawsuit to preclude it from selling items created prior to 1989. Therefore, Vintage Brand argues that discovery that seeks information as to the circumstances surrounding the original authorship and creation of the vintage memorabilia is relevant. More specifically, Vintage Brand claims that limiting discovery temporally would affect its ability to put on an abandonment defense if the abandonment occurred prior to 2014.

Attached to Purdue's Amended Complaint are ten registered trademarks, registered with the United States Patent and Trademark Office between 1996 and 2014, that Vintage Brand has allegedly infringed. [DE 26-1]. As an initial matter, the court finds that only those ten trademarks are relevant to this lawsuit. Vintage Brand is not entitled to discovery as it relates to other trademarks not included in the Amended Complaint. As to the relevant time period for those ten trademarks, the time between the date the trademark was officially registered with the United States Patent and Trademark Office (as indicated in Exhibit A of the Amended Complaint) through the filing of the Complaint in this case is the relevant period. Therefore, Vintage Brand is entitled to discovery related to the ten registered trademarks from the date each was registered through the commencement of this lawsuit.

Next, Vintage Brand claims that Purdue's objections based on an incontestable trademark should be overruled. Purdue has objected to various discovery requests claiming that its federal trademark registrations are "incontestable." Vintage Brand argues that Purdue's objection is based on "the false premise that incontestable registrations serve as conclusive proof as to the validity of trademark rights," when incontestable trademark registrations establish a rebuttable presumption. Therefore, Vintage Brand claims its requests are seeking evidence that directly rebuts the elements of Purdue's prima facia case. Purdue responds by claiming that, with its registrations, Purdue already has produced the only evidence it needs to establish that presumption, therefore the relevant, proportional discovery regarding its trademarks should be narrowly limited.

In any lawsuit, a rebuttable presumption shifts the burden of producing evidence to the party opposing the presumption. Vintage Brand has the right to challenge the trademark and is required to present evidence contrary to the presumption. Purdue cannot rely on a rebuttable presumption to foreclose discovery on that issue. Stated differently, Purdue's trademark is presumed valid, but Vintage Brand is entitled to conduct discovery in an effort to overcome the presumption.

Purdue also objects to the relevancy of information requested related to Vintage Brand's public domain copyright defense. Purdue's argument is that there is no copyright infringement claim in this case, so Vintage Brand cannot show that any copyright discovery is relevant for purposes of **Rule 26(b)(1)**. Purdue further argues that Vintage Brand's *Dastar* defense is a defense to plagiarism which is also not a claim in this case.

Vintage Brand maintains that its public domain defense is relevant because it shows that Purdue's claims are barred and/or limited because the images reproduced are from the public

domain under U.S. copyright law. In ***Dastar Corp. v. Twentieth Century Fox Film Corp.***, 539 U.S. 23, 37 (2003), the Supreme Court held:

> In sum, reading the phrase origin of goods in the Lanham Act in accordance with the Act's common-law foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.

(internal quotations and citations omitted). Vintage Brand argues that ***Dastar***'s reasoning prohibits use of the Lanham Act to enjoin it from reprinting public domain images. Purdue's Amended Complaint asserts that Vintage Brand infringed on several of its registered trademarks. If Vintage Brand's defense to some, or all, of these claims is that the images reproduced are in the public domain, then Vintage Brand is entitled to conduct discovery in order to support this defense. However, discovery related to the images that Vintage Brand claims are in the public domain should be limited in scope to information about the ten registered trademarks contained in the Amended Complaint [DE 26-1].

Next, Vintage Brand challenges Purdue's privilege log. It claims that Purdue has failed to identify all persons who received the withheld communications and that it fails to provide a description of the subject matter of the communication. Purdue claims that Vintage Brand failed to meet and confer regarding this issue but is willing to meet and confer to discuss this issue.

A party must provide to the opposing party a privilege log containing, among other things, "the names of all person(s) who received the document or a copy of it and their affiliation (if any) with he producing party … [and] a general description of the subject matter of the document." ***Johnson v. Oscar Winski Company, Inc.***, 2020 WL 4539620, at *4 (N.D. Ind. Aug.

7

6, 2020) (internal citations omitted). Accordingly, Purdue is **ORDERED** to furnish a privilege log in compliance with this standard.

Lastly, Vintage Brand requests that the court order Purdue to pay the reasonable expenses, including attorneys' fees, it has incurred in bringing the instant motion and related briefing. **Federal Rule of Civil Procedure 37(a)(5)(A)** states that the court shall impose sanctions based upon the costs of seeking a motion to compel. *See* ***Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees"). Sanctions under **Rule 37(a)(5)** are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Rule 37(a)(5)(A)(i)-(iii)**.

The court finds that the majority of Purdue's objections to the discovery requests in this case were unfounded. For example, objecting based on Eleventh Amendment Immunity when the court has addressed the issue twice before, was without merit. Therefore, the court **DIRECTS** the parties to also discuss the issue of fees during the **N.D. Ind. L.R. 37-1(a)** conference.

For the foregoing reasons, the Amended Motion to Compel [DE 94] is **GRANTED in part** and **DENIED in part**. The parties are **DIRECTED** to engage in a meaningful **N.D. Ind. L.R. 37-1(a)** conference to resolve outstanding discovery disputes pursuant to the court's findings in this Order.

Also pending before the court is Purdue's Motion for Protective Order [DE 76]. Purdue referenced the pending motion in its response to the instant motion. After a review of the Motion

for Protective Order, it is evident that similar issues were raised and addressed here. Therefore, the court **DENIES** the Motion for Protective Order [DE 76] **without prejudice**. The court expects that the parties will discuss any remaining issues during the conference discussed above. At that point, if any issues remain, Purdue is entitled to file a new Motion for Protective Order, and the court will address it at that time.

      ENTERED this 20th day of October, 2022.

      /s/ Andrew P. Rodovich
      United States Magistrate Judge